IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY V. REMMERT,<br><br>    Plaintiff,<br><br>  v.<br><br>SAN MATEO COUNTY SUPERIOR COURT, HON. MARK R. FORCUM; SAN MATEO COUNTY SMALL CLAIMS COURT, COMMISSIONER HUGO BORJA; STATE OF CALIFORNIA APPEALS COURT, HON. WILLIAM MCGUINESS, UNITED STATES DISTRICT COURT, HON. MARILYN PATEL,<br><br>    Defendants.<br>                                         / | No. C 07-80085 WHA<br><br>**ORDER BARRING FILING OF PLAINTIFF'S COMPLAINT OF FIRST AMENDMENT VIOLATION RE VEXATIOUS LITIGANT ORDER** |

      Petitioner has attempted to file this action against San Mateo County Superior Court Judge Mark R. Forcum, San Mateo County Small Claims Court Commissioner Hugo Borja, California Appeals Court Judge William McGuiness, and United States District Court Judge Marilyn Patel. She also filed an administrative motion to consider whether this complaint should be related to other actions she filed, all of which have been dismissed. Her complaints are subject to a pre-filing review order because of her numerous, repetitious, and meritless filings on previous occasions (Case. No. C 01-2870 MHP Doc. No. 8; Case No. C 05-80241 MHP Doc. No. 3). In August 2001, Chief Judge Marilyn Patel of this district deemed plaintiff a vexatious litigant and ordered that she "not file in this or any other court any complaints,

pleadings or other papers related to the matters raised in these action." The earlier filings stemmed from other grievances against the County of San Mateo, the courts of San Mateo County, including their capacity as juvenile and family courts, and others whom she believes have caused her problems with the County and its courts. Recently, plaintiff filed a spate of petitions for habeas corpus on behalf of her mother and daughter. Pursuant to the vexatious litigant order, none were allowed to be filed.

Here, plaintiff alleges that the vexatious litigant order has prevented her from filing petitions for conservatorship and habeas corpus on behalf of her mother and daughter. Her first claim is under 42 U.S.C. 1983, alleging that state and federal courts have violated her rights under the First Amendment. It appears to also allege a violation of her due process rights. A second claim for "violation of constitutional rights" seems also to arise from the orders declaring her a vexatious litigant. The cases her second claim cites, *Pickering v. Board of Education*, 391 U.S. 563 (1968), and *Connick v. Myers*, 461 U.S. 138 (1983), however, deal with the First Amendment rights of public employees, not the right to petition courts.

This complaint deals with issues "related to" the matters for which Remmert was deemed vexatious by Judge Patel. Plaintiff has attempted to file several petitions for habeas corpus in this district stemming from a child-custody dispute in 1998 and 1999. Furthermore, Remmert has filed similar claims with regard to being declared a vexatious litigant. Remmert's request for dismissal of vexatious litigant order was denied on March 24, 2006, by Judge Marilyn Patel. This petition is substantially related to both plaintiff's filings of numerous petitions for habeas corpus and her request for dismissal of the vexatious litigant order. Because of this, the Court declines to issue an order authorizing the filing of the instant petition.

For the foregoing reasons, plaintiff's complaint **SHALL NOT BE FILED.**

**IT IS SO ORDERED.**

Dated: April 3, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2